# IN THE SUPREME COURT OF THE STATE OF NEVADA

EVA ARRIBA, AN INDIVIDUAL,
Appellant,
vs.
BANK OF AMERICA, N.A.,
SUCCESSOR BY MERGER TO BAC
HOME LOANS SERVICING, LP, F/K/A
COUNTRYWIDE HOME LOANS
SERVICING, LP, A NATIONAL
BANKING ASSOCIATION,
Respondent.

No. 71735

FILED

NOV 14 2018

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## *ORDER OF REVERSAL AND REMAND*

This is an appeal from a district court order granting summary judgment, certified as final under NRCP 54(b), in an interpleader and quiet title action. Eighth Judicial District Court, Clark County; Jessie Elizabeth Walsh, Judge.

Having considered the parties' arguments and the record, we conclude that the district court improperly granted summary judgment for Bank of America, as appellant requested an NRCP 56(f) continuance to conduct discovery into whether Bank of America's $252 tender was sufficient to cure the default as to the superpriority portion of the HOA's lien. *See Bank of America, N.A. v. SFR Invs. Pool 1, LLC*, 134 Nev., Adv. Op. 72, 427 P.3d 113 (2018) (holding that proper tender of the defaulted superpriority portion of an HOA's lien cures the default as to that portion of the lien such that an ensuing foreclosure sale does not extinguish the first deed of trust); *Wood v. Safeway, Inc.*, 121 Nev. 724, 729, 121 P.3d 1026, 1029 (2005) (recognizing that summary judgment is proper only when no questions of material fact exist). Because the record is unclear on this issue,

we conclude that appellant's request should have been granted.[1] We therefore

ORDER the judgment of the district court REVERSED AND REMAND this matter for proceedings consistent with this order.

_____ *Pickering* , J.
Pickering

_____ , J.
Gibbons

_____ , J.
Hardesty

cc:     Hon. Tierra Jones, District Judge
        The Wright Law Group
        Akerman LLP/Las Vegas
        Eighth District Court Clerk

_____

[1]Bank of America is not entitled to summary judgment based on its deed of trust being FHA-insured. *See Renfroe v. Lakeview Loan Servicing, LLC*, 133 Nev., Adv. Op. 50, 398 P.3d 904 (2017). We decline at this juncture to consider whether the foreclosure sale should be set aside based on equitable grounds.